## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CASE No. 3:24-CR-107 |
| | : | |
| MYKAYLIAH HEVENER | : | |
| | : | (JUDGE JULIA MUNLEY) |
| Defendant. | : | (C.MAG. JUDGE SAPORITO) |

## BRIEF IN SUPPORT OF MOTION FOR
## PRETRIAL RELEASE WITH CONDITIONS

Defendant, Mykayliah Hevener, by and through her attorney, Joseph G. Price, Esq., submits this brief in support of her request that requests that this Court release her on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142 and *United States v. Salerno*, 481 U.S. 739 (1987).  Ms. Hevener rebuts the presumption of detention with credible evidence that she has no criminal record, has a strong employment history and further has secured an employment opportunity if released, has significant ties to the Middle and Eastern Districts of Pennsylvania, has no passport, has made arrangements to have a third-party family member outside of the area take custody of the alleged minor victim in her case, has a third-party custodian who agrees to assume supervision and to report any violation of a release condition to the court, has no history of nonappearance.  Based on this rebuttal evidence and for the reasons further explored below, Ms. Hevener respectfully requests her motion for pretrial release with conditions be granted.

## Ms. Hevener Should Be Released on Bond with Conditions

As the Supreme Court held in *Salerno*, "[i]n our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. at 755. This presumption of release is encapsulated in the Bail Reform Act (BRA), 18 U.S.C. § 3142. The statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

This Court should release Ms. Hevener with conditions. In this case, 18 U.S.C. § 3142(e)(3) creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e)(3). The presumption inquiry proceeds in two steps:

**Step 1** – this Court must consider whether the defense has met the very low burden of production to rebut the presumption. As set forth below, Ms. Hevener has presented evidence that rebuts the presumption.

**Step 2** – this Court must consider the presumption alongside all of the other § 3142(g) factors – even if the presumption has not been rebutted which here it has been.

Release is warranted in this case because there are numerous facts under § 3142(g) that both rebut the presumption of detention and demonstrate that there are conditions of release that will reasonably assure both Ms. Hevener's appearance in court and the safety of the community.

To rebut the presumption of detention, a defendant shall produce "some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986); *see also United States v. Perry*, 788 F.2d 100, 115 (3d Cir. 1986); *accord United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986), *United States v. Jessup*, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990). At an evidentiary hearing, the defendant has the "opportunity to testify, to present evidence, to cross-examine witnesses who appear at the hearing, and present information by proffer or otherwise." 18 U.S.C. § 3142(f). Importantly, at a hearing on Ms.

Hevener's motion for bail, "the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.*

Ms. Hevener is prepared to present credible evidence that she is neither a danger to the public nor a serious flight risk. including:

    a. Ms. Hevener has no criminal record/history.

    b. Ms. Hevener is a life-long resident of Pennsylvania with family ties to Pennsylvania's Eastern and Middle Districts, along with a lack of family ties or resources *outside* of the Commonwealth.

    c. Ms. Hevener lacks a passport.

    d. Ms. Hevener lacks the financial means or resources to travel outside the Middle District.

    e. Ms. Hevener has resided in the same residence in the Middle District since August of 2020.

    f. Ms. Hevener was gainfully employed at the time of her arrest, and she will present evidence that she will be able to maintain employment while released pending trial.

    g. Arrangements have been made to have Ms. Hevener's family, who reside in the Eastern District of Pennsylvania to take custody of Ms. Hevener's minor child who is the alleged minor victim in this case.

    h. If released, Ms. Hevener would reside in the Middle District of Pennsylvania with a third-party custodian.

Moreover, the statutory presumption of detention should be generally viewed with caution because it does not function as Congress intended. In other words, Congress enacted the statutory presumptions of detention in the Bail Reform Act of 1984 (BRA) "to detain high-risk defendants who were likely to pose a significant risk of danger to the community if they were released pending trial."[1] But the presumptions of detention have not worked as intended, and federal pretrial detention rates have skyrocketed since the BRA was enacted, rising form 19% in 1985 to 75% in 2019.[2] A recent study by the Administrative Office of the Courts (AO) attributed this "massive increase"[3] in detention rates to the presumptions of detention, especially as they are applied to low-risk

---

[1] Amaryllis Austin, *The Presumption for Detention Statute's Relationship to Release Rates*, 81 FED. PROB. 52, 56–57 (2017), https://perma.cc/9HGU-MN2B.

[2] *Pretrial Release and Detention: The Bail Reform Act of 1984*, Bureau of Just. Stat. Special Rep., at 2 (Feb. 1988), available online (Table 1) (18.8% of defendants detained pretrial in 1985); *Judicial Business: Federal Pretrial Services Tables*, Admin. Off. U.S. Courts ("AO Table"), Table H-14 (Sept. 30, 2019), available online (74.8% of defendants detained pretrial in 2019); *see also* AO Table H-14A (Sept. 30, 2019), available online (61% detention rate excluding immigration cases).

[3] Austin, supra note 1, at 61.

defendants.[4] The presumption of detention has thus become "an almost de facto detention order for almost half of all federal cases."[5]

Regardless of the presence of the rebuttable presumption in this case, In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer considers, in addition to the rebutted presumption: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

### a.    Nature and Circumstances of the Offense

The severity of the crimes charged are reflected in the fact that both criminal charges carry a mandatory minimum term of imprisonment of 5 years and 15 years, respectively.  Nonetheless, this Court is adequately equipped with the tools required to order the noncustodial pretrial supervision of Ms. Hevener. What should be noted about the nature and circumstances of Ms. Hevener's alleged offenses are that there are no allegations that this was a continuous course of conducted, rather an extremely limited set of isolated incidents with one (1)

---

[4] *Id.* at 57.
[5] *Id*. at 61.

alleged minor victim.  As previously stated, Ms. Hevener has made arrangements to ensure that there is no contact between her and the alleged minor victim and this court is within its right to further order that Ms. Hevener have avoid "all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense" 18 U.S.C. § 3142(c)(1)(B)(v)

### b.       The Weight of the Evidence Against the Defendant

The Court is forbidden from relying solely on the weight of the evidence of guilt to detain a defendant in a presumption case; a defendant is not required to "'rebut' the government's showing of probable cause to believe that he is guilty of the crimes charged." *Dominguez*, 783 F.2d at 706. This makes sense—a person's likelihood of guilt is analytically distinct from whether there are conditions of release that will reasonably assure the person's appearance or the safety of the community.

### c.       The History and Characteristics of The Defendant

Ms. Hevener is a twenty-five (25) year old, lifelong resident of the Commonwealth of Pennsylvania with a no criminal history nor any history of drug or alcohol abuse.  She has resided at the same household in the Middle District of Pennsylvania since August of 2020.She has several ongoing physical and mental health issues, including being several weeks pregnant.  Detention serves to exacerbate the chance of Ms. Hevener experiencing medical

complications due to her pregnancy, as well as her other conditions that correctional institutions are ill-equipped to treat.

Prior to her incarceration, Ms. Hevener was gainfully employed; a trait that is consistent throughout her adult life. Ms. Hevener has secured an employment opportunity upon her release.  Notwithstanding her consistent employment, Ms. Hevener is of little financial means and does not own any real estate or vehicles. She has a bank account, however, does not believe that there is any funds in said account at this point.  She does not hold a passport.

### d.    The Nature and Seriousness of the Danger to Any Person or the Community that Would be Posed by the Defendant's Release.

For the reasons set forth at length above, Ms. Hevener avers that she has established that her release would not pose a serious danger to any person or the community.

### Conclusion

Ms. Hevener should not be detained pending trial "unless a finding is made that no release conditions 'will reasonably assure … the safety of the community'" and the defendant's appearance in court. *Dominguez*, 783 F.2d at 707 (quoting § 3142(e)). In this case, the defense avers the government cannot carry its high burden of proving by clear and convincing evidence that there are *no* release conditions that will reasonably assure the safety of the community. *See Id*. at 708 n.8. The defense further avers the government cannot establish by a

preponderance of the evidence that there are no conditions that would reasonably assure Ms. Hevener's appearance in court.

The defense submits the following conditions of release under § 3142(c)(1)(B), and other conditions should the Court deem it necessary, will assure Ms. Hevener's appearance in court and the safety of the community:

- Follow restrictions on "personal associations, place of abode, or travel" (iv) including electronic monitoring, GPS monitoring, home detention, home incarceration;

- Avoid "all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense" (v);

- Report on a "regular basis" to PTS or some other agency (vi);

- Comply with a curfew (vii);

- Refrain from possessing "a firearm, destructive device, or other dangerous weapon" (viii);

- Refrain from "excessive use of alcohol" (ix);

- Refrain from "any use of a narcotic drug or other controlled substance … without a prescription" (ix);

- Undergo "medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency" (x);

- "[A]ny other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community" (xiv).

Ms. Hevener should be released from any further detention.

Based on the above, it is respectfully represented that although the criminal charges carry a presumption of incarceration, Ms. Hevener will be able to overcome the presumption and the Court will be able to establish conditions of release that satisfy the requirements of the Bail Reform Act.

Respectfully submitted,

Date: May 15, 2024                    *s/Joseph G. Price, Esq.*
                                      Joseph G. Price, Esq.
                                      PA Atty. ID 317300
                                      75 Glenmaura National Blvd.
                                      Moosic, PA 18507
                                      O: 570-347-1011
                                      F: 570-347-7028
                                      jprice@joepriceesq.com
                                      *Attorney for Mykayliah Hevener*

# **CERTIFICATE OF SERVICE**

I, Joseph G. Price, Esq. do hereby certify that on the 15th day of May 2024, a

true and correct copy of the foregoing Brief in Support of Motion for Pretrial

Release with Conditions was served on the following individual via ECF/CMF:

Luisa Honora Berti, Esq.
Assistant United States Attorney
luisa.berti@usdoj.gov


*Joseph G. Price, Esq.*
Joseph G. Price, Esq.
Attorney for Mykayliah Hevener