**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MYKAYLIAH HEVENER,** Movant | : | **No. 24cr107** |
| | : | **(Judge Munley)** |
| **v.** | : | |
| **UNITED STATES,** Respondent | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM ORDER**

On September 28, 2026, Mykayliah Hevener filed a motion to vacate her conviction and sentence pursuant to 28 U.S.C. § 2255. (Doc. 61). Under Rule 4(b) of the Rules Governing Section 2255 Proceedings, the court must promptly examine Hevener's motion and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Because Hevener's motion is untimely and she has given insufficient justification to excuse her untimeliness, the motion will be dismissed.[1]

On September 24, 2024, Hevener pleaded guilty to one count of production of child pornography, in violation of 18 U.S.C. § 2251(a). (Doc. 15 at 1; Doc. 42).

---

[1] No Miller notice is required in instances such as here, where the statute of limitations has passed and no justification exists to allow the motion to proceed. United States v. Chew, 284 F.3d 468, 470–72 (3d Cir. 2002) (citation modified); see United States v. Miller, 197 F.3d 644 (3d Cir. 1999).

Judgment was entered on January 30, 2025, when the court sentenced Hevener to 324 months imprisonment followed by ten years of supervised release. (Doc. 58). There is a one-year period of limitation within which a motion under 28 U.S.C. § 2255 must be brought. 28 U.S.C. § 2255(f). As pertinent here, the period begins to run from "the date on which the judgment of conviction becomes final." § 2255(f)(1). As Hevener did not appeal her conviction, her judgment of conviction became final "on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). As she had 14 days to file an appeal, FED. R. APP. P. 4(b)(1)(A)(i), her conviction became final on February 13, 2025. And so, Hevener had until February 13, 2026, to file this motion, which was not filed until September 28, 2026.

Hevener seeks to excuse her untimeliness in multiple ways which the court addresses in turn:

## I. "Counsel's Affirmative Misrepresentation of Right to Appeal"

Hevener first argues that her counsel "explicitly and affirmatively" told her "that she could not appeal her sentence," and such statement should constitute an "extraordinary circumstance" warranting equitable tolling of the limitation period. (Doc. 61 at 4–5).

Equitable tolling of the limitation period may be available to a Section 2255 movant when she shows "(1) that [s]he has been pursuing [her] rights diligently,

and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." United States v. Doe, 810 F.3d 132, 150 (3d Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). The requirements are conjunctive.

Assuming Hevener's allegation as true, she fails to explain how she has been diligently pursuing her rights despite that circumstance. (Doc. 61 at 4–5). Rather, Hevener excuses herself from acting diligently because she "received [few] case documents, had no legal knowledge, and was [affirmatively] misled by counsel." Id. at 6. But "ignorance of the law is not enough to invoke equitable tolling." And Hevener fails to explain how the fact that counsel told her she could not appeal prevented her from timely filing a motion to vacate. The "extraordinary circumstance" Hevener invokes must have stood in the way of her timely filing this motion, not an ostensible appeal. Hevener fails to make that showing.

## II. Date the Facts Supporting the Claim Were Discovered

If "the date on which the facts supporting the claim or claims presented [in the Section 2255 motion] could have been discovered through the exercise of due diligence" is later than the date on which the judgment of conviction becomes final, the period of limitations begins on the latest date. § 2255(f)(4). Hevener argues that her period therefore began in March 2026 or thereabouts, when she discovered the following:

**A. The Recordings**

The first "fact" Hevener alleges to have discovered in March 2026 is that "the recordings and captures used as evidence were obtained by a co-conspirator acting with criminal intent, rend[er]ing them inadmissible under 18 U.S.C. § 2511(2)(d) and subject to mandatory exclusion under 18 U.S.C. § 2515." (Doc. 61 at 5). This is a legal conclusion, not a fact.

**B. FBI Agents**

The second fact Hevener alleges to have discovered in March 2026 is that "the FBI agents who conducted the custodial interview never asked [Movant] whether she had any knowledge of the recordings and captures." Id. But Hevener was the subject of that interview, and it occurred in 2024. (Doc. 45 at 25:10—28:21). And so, due diligence would not have required until March 2026 for her to discover that fact.

**C. FBI Form**

The third "fact" Hevener alleges to have discovered in March 2026 is that "the FBI Form 302 materially mischaracterizes [Movant's] actual statements." (Doc. 61 at 5). This is not a fact; it is an argument.

### D. Ineffective Assistance

Hevener possibly alleges a fourth "fact" that "her counsel's conduct was constitutionally deficient in multiple independent respects." Id. This is not a fact; it is a legal conclusion.

## III. Actual Innocence

Finally, Hevener "invokes the actual innocence gateway . . . as a procedural mechanism to overcome any procedural bars." (Doc. 62 at 4). "[A]ctual innocence, if proved, serves as a gateway through which a [movant] may pass [where] the impediment is . . . expiration of [a] statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "[A]ctual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). "To satisfy the demanding actual innocence exception, a [movant] must (1) present new, reliable evidence of [her] innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted [her] (*i.e.*, a reasonable juror would have reasonable doubt about [her] guilt) in light of the new evidence." Wallace v. Superintendent Mahanoy SCI, 2 F.4th 133, 151 (3d Cir. 2021) (citing Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018)).

Hevener states, "No reasonable juror presented with the complete picture, that the government never established [Movant's] knowledge of the recordings

and captures, that the sole evidence was subject to mandatory exclusion under federal statute, and that the co-conspirator's conviction establishes his criminal purposes and [Movant's] victim status, would have convicted [Movant]." (Doc. 62 at 4). Nothing in this statement represents new, reliable evidence. Nor does it show, by a preponderance of the evidence, that Hevener is factually innocent of the crime she pleaded guilty to and was convicted of. And so, Hevener cannot be excused from her untimeliness because of actual innocence.

**Conclusion**

The period of limitation for Hevener to bring a motion pursuant to 28 U.S.C. § 2255 is passed. Hevener gives no proper justification to extend or excuse the deadline, and it is therefore **ORDERED** that:

1) Hevener's motion to vacate, (Doc. 1), is **DISMISSED** as untimely.

**Date:** 10/2/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**